UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Genauris Jose Arias Lara

     v.                                            Civil No. 25-cv-229-LM-AJ

FCI Berlin, Warden et al

O R D E R

Oral argument on the government's motion to dismiss the petition as moot (doc. no. 5) is scheduled for December 18, 2025, at 2:00 p.m. The court summarizes below questions that counsel shall be prepared to address at that argument:

1. Does the fact that Arias Lara continues to be subject to restrictions on his freedom pursuant to his required participation in the Intensive Supervision Appearance Program mean he is still "in custody" for purposes of obtaining § 2241 relief? See Flores Salazar v. Moniz, Civ. No. 25-11159-LTS, 2025 WL 1703516, at *5 (D. Mass. June 11, 2025). If so, how does the fact that Arias Lara does not challenge this aspect of his "custody" impact this court's jurisdiction?

2. The petitioner's primary claim is that his arrest and detention were unlawful because, at the time of his arrest and detention, he was on an active grant of humanitarian parole pursuant to 8 U.S.C. 1182(d)(5)(A). According to the "Interim Notice Authorizing Parole" attached to the petition as an exhibit, the petitioner's parole "is valid for one year beginning from the date on this notice," which was August 28, 2024. Doc. no. 1-1 at 8. Has the petitioner's parole expired? If so, how does that impact whether there is a reasonable expectation the petitioner will be arrested and imprisoned again while on an active grant of humanitarian parole in violation of 1182(d)(5)(A) or his due process rights?

3. If the voluntary cessation doctrine applies to this petition despite the petitioner's release from detention, how is the evidence offered by the government sufficient to meet its burden to show there is no reasonable expectation the petitioner will again be unlawfully detained? See FBI v. Fikre, 601 U.S. 234, 242 (2024) (government declaration that it would not relist plaintiff on No Fly List based on "currently available information"

failed to show case was moot because the declaration did not address whether the government would relist him if he engaged in the same conduct that led to him being listed in the first place, and did not explain what conduct led him to be listed).

4. In the event that the court denies the motion to dismiss, what is the specific relief the habeas petition still requests given that the petitioner is no longer detained?

5. Where the petitioner has been released from detention, how is an order that declares illegal the government's arrest and detention of petitioner not the practical equivalent of issuing an "advisory opinion" on past conduct? What practical effect would a writ of habeas corpus have in this case?

6. The petition does not currently seek prospective relief. But, to the extent petitioner argues he is entitled to some form of prospective relief prohibiting him from being arrested and detained absent termination of his parole, how would petitioner have standing to request such relief? See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 8, 2025

cc: Counsel of Record.